**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Rudolf Wood, III,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,[1]<br><br>　　　　Respondents. | No. CV-98-053-TUC-JMR<br><br>DEATH PENALTY CASE<br><br>**ORDER RE: MOTION TO RECONSIDER PROCEDURAL STATUS OF CLAIMS** |

Before the Court is Petitioner's motion for reconsideration of the Court's Order of March 21, 2006 (dkt. 63), which addressed the procedural status of Petitioner's habeas claims. Generally, motions for reconsideration are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through—rightly or wrongly." Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E. D. Va. 1983)). Such arguments should be directed to the court of appeals. Sullivan v. Faras-RLS Group, Ltd., 795 F. Supp. 305, 309 (D. Ariz. 1992).

---

　　[1] Dora B. Schriro is substituted for her predecessor, Terry Stewart, as Director, Arizona Department of Corrections. Fed. R. Civ. P. 25(d)(1).

Petitioner asserts that the Court erred in stating that Petitioner did not, in his Traverse, assert fundamental miscarriage of justice ("FMJ") as a basis to excuse the procedural default of a number of claims. (Dkt. 65 at 2.) He contends that the general summary of the law regarding FMJ contained in the opening section of the Traverse together with the statement in the *closing* paragraph of that 157-page document, "pointed to the facts which support the fundamental miscarriage of justice argument." (Id. at 3.) Petitioner further contends that, in finding no FMJ as to several of his defaulted claims, the Court ignored:

> compelling evidence regarding the lack of premeditation: expert testimony that Petitioner had a character trait of impulsivity, tended to act reflexively and without deliberation, had "difficulty in organizing his thinking when faced with "emotionally charged stimuli[,]" that his reality testing deteriorated under such circumstances, and that "his judgement and his interpretation of events would become clouded. Additional evidence supported the expert's diagnosis, demonstrating that Petitioner was confused about his relationship with his girlfriend, that his anxiety was causing him to deteriorate in the days before the crime, and that he was exhibiting severe mood swings during that period. Petitioner reached for his gun and shot the victims only after his request to see his girlfriend was denied and even though he knew a police officer was nearby. All of these facts, coupled with the prosecutor's misconduct, establish the miscarriage of justice, not just the misconduct alone.

(Id. at 4-5) (internal citations omitted).

Petitioner's contentions in his motion repeat the unavailing assertions contained in his amended petition and traverse. He has not demonstrated, with clear and convincing evidence, that it is more likely than not that no reasonable juror would have found him guilty of first degree murder. Because Petitioner does not point to newly discovered evidence, an intervening change in the law or clear error by the Court, his motion for reconsideration will be denied.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Reconsideration of Procedural Order is **DENIED**. (Dkt. 65.)

DATED this 25th day of April, 2006.

John M. Roll
United States District Judge