**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Rudolph Wood, III, | CV-98-0053-TUC-JMR |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | |
| Dora B. Schriro, et al., | **ORDER** |
| Respondents. | |

Before the Court is Petitioner's Motion to Alter or Amend Judgment. (Dkt. 81.) The motion is brought in response to the Court's Order denying Petitioner's amended habeas corpus petition and denying a certificate of appealability. (Dkts. 79, 80.)

## DISCUSSION

A motion to alter or amend judgement under Rule 59(e) of the Federal Rules of Civil procedure is essentially a motion for reconsideration. Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Ninth Circuit has consistently held that a motion brought pursuant to Rule 59(e) should only be granted in "highly unusual circumstances." *Id.*; *see 389 Orange Street Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999). Reconsideration is appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*,

5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not a forum for the moving party to make new arguments not raised in its original briefs, *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-926 (9th Cir. 1988), nor is it the time to ask the court to "rethink what it has already thought through," *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (quotation omitted).

In the pending motion Petitioner challenges the Court's resolution of his claims of prosecutorial misconduct and ineffective assistance of counsel.

**Prosecutorial misconduct:**

Petitioner does not cite new evidence or an intervening change in the law but contends that the Court's denial of his claims was clearly erroneous.[1] With one exception, Petitioner simply repeats the arguments he has already offered and asks the Court to change its mind about its conclusions. While it is not appropriate to raise arguments for the first time in a motion for reconsideration, the Court will briefly address the new basis for Petitioner's assertion that he is entitled to habeas relief on Claim 1-B(1).

In the pending motion Petitioner emphasizes the Fifth Amendment aspect of his claim of misconduct arising from the prosecutor's cross-examination of the defense expert. Specifically, Petitioner now contends that the prosecutor's questions to Dr. Allender about truth serum and hypnosis constituted an impermissible comment on Petitioner's right to remain silent under *Doyle v. Ohio*, 426 U.S. 610, 619 (1976), which holds that the use of a defendant's post-arrest silence for impeachment purposes violates due process. *See also Griffin v. California,* 380 U.S. 609 (1965) (Fifth Amendment prohibits prosecutorial comment on defendant's refusal to testify).

Petitioner cites a number of criteria by which entitlement to relief under *Doyle* or *Griffin* is established. The prosecutor's questioning of Dr. Allender satisfies none of these

---

[1] Petitioner also repeats his allegation that the prosecutor knowingly presented false testimony from Officer Anita Sueme. The Court dismissed this claim as procedurally barred (Dkt. 63 at 19-23) and will not discuss its merits here.

- 2 -

criteria.

Dr. Allender, called by the defense to discuss Petitioner's character trait of impulsivity, testified on direct examination that Petitioner told him that he did not recall committing the crimes. Dr. Allender also opined about the legitimacy of the reported memory loss. As the Arizona Supreme Court explained, the contested cross-examination explored the basis of Dr. Allender's opinion. *State v. Wood*, 180 Ariz. 53, 67-68, 881 P.2d 1158, 1171-72 (1994). Given this context, the questioning could not reasonably be construed as an indirect reference to Petitioner's post-arrest silence. Such commentary was not, contrary to Petitioner's assertion, the prosecutor's "manifest intent," nor would the jury have "naturally and necessarily construe[d] it as a comment on the defendant's silence." *Jackson v. Johnson*, 194 F.3d 641, 652 (5th Cir. 1999) ("To expound on the first inquiry, the prosecutor's intent is not manifestly impermissible if there is some other, equally plausible explanation for the remark. For the second inquiry, the question is not whether the jury might or probably would view the challenged remark in this manner, but whether it necessarily would have done so."); *see, e.g.*, *Hovey v. Ayers*, 458 F.3d 892, 912 (9th Cir. 2006); *United States v. Barbour*, 393 F.3d 82, 90-91 (1st Cir. 2004); *United States v. Dodd*, 111 F.3d 867, 869-70 (11th Cir. 1997).

Petitioner also relies upon *United States v. Baker*, 999 F.3d 412, 416 (9th Cir. 1993), which lists as factors to be evaluated when considering an alleged *Doyle* violation (1) the extent of the comments made; (2) whether an inference of guilt from silence was stressed to the jury; and (3) the extent of other evidence suggesting the defendant's guilt. In the present case, (1) the alleged inference concerning Petitioner's right to remain silent was contained in a brief series of questions; (2) the questions implicated only Petitioner's lack of memory, not his state of mind at the time of the shootings, the only contested issue concerning Petitioner's guilt; and (3), as previously noted, there was very strong evidence, including taped threats and eyewitness accounts of the shootings, that Petitioner acted with premeditation. *See Hovey*, 458 F.3d at 892 (while comments on petitioner's failure to

- 3 -

explain his actions or to contradict the informants' testimony indirectly touched on his decision not to testify, the error was harmless because the comments were isolated and minimal compared with the weight of the evidence against petitioner).

Petitioner's assertion that he is entitled to relief under *Doyle* or *Griffin* is therefore clearly without merit. Petitioner's motion for relief on reconsideration is denied.

**Ineffective assistance of counsel:**

Petitioner does not ask the Court to alter its ruling on the merits of his ineffective assistance claims but seeks the issuance of a COA. As the Court previously explained, to be entitled to a COA, Petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has not made such a showing. For the reasons set forth in the Court's Memorandum and Order (Dkt. 79), reasonable jurists could not debate this Court's determination that the PCR court did not apply *Strickland* in an objectively unreasonable manner when it denied relief on the allegations contained in Claims 10-B and 10-C.

Based on the foregoing,

**IT IS HEREBY ORDERED denying** Petitioner's Motion to Alter or Amend Judgment. (Dkt. 81.)

DATED this 30th day of January, 2008.

_____
John M. Roll
Chief United States District Judge