**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Rudolph Wood, III,<br><br>   Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>   Respondents. | No. CV-98-0053-TUC-JGZ<br><br>Death Penalty Case<br><br>Order |

  Petitioner Joseph Wood is an Arizona death row inmate. His execution is scheduled for July 23, 2014. On Thursday, July 17, 2014, Petitioner filed a motion seeking relief under Rule 60(b)(6) and a motion for a stay of execution. (Docs. 116, 117.) Briefing was completed Saturday, July 19. On Sunday, July 20, the Court denied the motions. (Doc. 124.)

  Now before the Court is Petitioner's motion, filed Monday, July 21, asking the Court to alter or amend its judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 125.) In the alternative, Petitioner seeks a certificate of appealability with respect to the Court's denial of his Rule 60(b)(6) motion. (*Id.*)

1

## **DISCUSSION**

A motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure is in essence a motion for reconsideration. Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Ninth Circuit has consistently held that a motion brought pursuant to Rule 59(e) should only be granted in "highly unusual circumstances." *Id.*; *see 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Reconsideration is appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not a forum for the moving party to make new arguments not raised in its original briefs. *Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988). Nor is it the time to ask the court to "rethink what it has already thought through." *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998).

Petitioner argues that the Court erred in finding that his claim of ineffectiveness of sentencing counsel (Claim D) constituted an unauthorized second or successive petition under 28 U.S.C. § 2244(b)(3). (Doc. 124 at 20–22.) Petitioner asserts that this

Court's denial of funds for neurological testing prevented him from presenting what is a fundamentally altered, and therefore unexhausted and procedurally defaulted, claim of ineffective assistance of counsel. (Doc. 125 at 3–4.) He characterizes this argument as an "attack on the integrity of his federal habeas corpus proceedings." (Doc. 125 at 2.)

While Petitioner is asking the Court "to rethink what it has already thought through," the Court will briefly address Petitioner's argument.

In Claim 10(C)(3)(a) of his habeas petition, Petitioner alleged that trial counsel performed ineffectively at sentencing by failing to adequately prepare and present evidence of Petitioner's diminished capacity, including personality changes following several serious head injuries, and his social history, including his family history of alcoholism and mental illness. Petitioner also alleged that counsel performed ineffectively by failing to obtain and present an in-depth neurological evaluation. (Doc. 24 at 136–42.)

The Court found that Claim 10(C)(3)(a) had been properly exhausted in Petitioner's PCR proceedings in state court. (Doc. 63 at 37.) The Court considered the claim on the merits and denied relief. (Doc. 79 and 45–62.) The Ninth Circuit Court of Appeals affirmed. *Wood v. Ryan*, 693 F.3d 1104, 1120 (9th Cir. 2012). The Court of Appeals also affirmed this Court's denial of evidentiary development, explaining that "Wood is not entitled to an evidentiary hearing or additional discovery in federal court because this ineffective assistance of counsel claim is governed by 28 U.S.C. §

2254(d)(1), as it was adjudicated on the merits in the PCR proceedings. Review of such claims 'is limited to the record that was before the state court that adjudicated the claim on the merits.'" *Id.* at 1122 (quoting *Cullen v. Pinholster,* 131 S. Ct. 1388, 1398 (2011)).

In seeking to reopen judgment with respect to allegations of ineffective assistance of sentencing counsel, Petitioner is advancing a habeas claim. Therefore, the motion is a second or successive petition. This is true whether he is raising a new, fundamentally altered claim or supporting a previous claim with new evidence. *See Gonzales v. Crosby*, 535 U.S. 524, 531–32 (2005). "It makes no difference that the motion itself does not attack the district court's substantive analysis of those claims but, instead, purports to raise a defect in the integrity of the habeas proceedings. . . ." *Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion to alter or amend judgment is denied. (Doc. 125.)

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that to the extent a certificate of appealability is needed, the Court finds that reasonable jurists could debate its denial of Petitioner's Rule 60(b)(6) motion. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, the Court grants a certificate of appealability on this issue.

Dated this 21st day of July, 2014.

*Jennifer Zipps*
Jennifer G. Zipps
United States District Judge